CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 22 2008
JOHN F. CORCORAN, CLERK
BY: /s/ J. Bugg
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH R. BROWN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:07CV00282 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VIRGINIA DEPARTMENT OF ) | By: Hon. Glen E. Conrad |
| TRANSPORTATION, ) | United States District Judge |
| ) | |
| Defendant. ) | |

This case involves claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). In his complaint, the plaintiff, proceeding pro se, claims that he was wrongfully discharged on the basis of his race and in retaliation for a prior complaint he made to the defendant's internal equal employment opportunity department. The case is now before the court on the defendant's motion to dismiss. For the reasons set forth below, the motion will be granted in part and denied in part.

### FACTUAL BACKGROUND

The following facts, which are taken from the plaintiff's form complaint, are accepted as true for purposes of the plaintiff's motion to dismiss. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-218 (4th Cir. 1994).

The plaintiff, Kenneth R. Brown ("Brown") was employed by the defendant, Virginia Department of Transportation ("VDOT") as an Engineering Technician III. On February 28, 2006, however, Brown was informed by his supervisor, Michael A. Russell, Engineering Manager II, that his employment with VDOT was being terminated for failure to follow a supervisor's instructions. Brown unsuccessfully pursued a grievance with regard to his

termination through the VDOT internal grievance procedure.

Brown also filed a complaint with the Equal Employment Opportunities Commission on December 22, 2006 and received a right to sue letter on March 5, 2007. Brown now claims that he was discharged based on his race, African-American, and in retaliation for making an internal complaint in June of 2005 to VDOT's equal employment opportunity department. Brown also claims that he has lost his retirement and health insurance benefits and has been under the care of physical and mental health professionals as a result of his termination. Brown does not seek reinstatement, however, due to health reasons.

The defendant has now filed this motion to dismiss claiming that Brown's complaint fails to state a claim under Title VII.[1] A hearing on the motion took place on April 4, 2008. The motion to dismiss is now ripe for decision.

## DISCUSSION

A. **Standard of Review**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). As the Supreme Court recently noted, a complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.

---

[1] In its original motion to dismiss, the defendant also claimed that, because Brown had grieved his discharge through the VDOT grievance process, which culminated in an evidentiary hearing before an administrative law judge, his claims should be barred by principles of preclusion and res judicata. By letter dated April 25, 2008, counsel for VDOT has now withdrawn, without prejudice, its preclusion arguments made in the motion to dismiss. As a result, the court will not consider those arguments at this time.

2

Ct. 1955, 1964-65 (2007). Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965.

**B.     Plaintiff's Claims Under Title VII**

The defendant contends that the plaintiff's claims under Title VII must be dismissed for failure to state a claim because Brown has failed to allege sufficient facts to indicate how he was discriminated and/or retaliated against by VDOT. In his response, the plaintiff has not directly confronted the defendant's contentions, however he has supplied certain additional information regarding his allegations and has attached several exhibits, including his disciplinary notices and a copy of the transcript of the hearing before the state administrative law judge. Brown also made certain additional factual allegations regarding his claims of discriminatory discharge during argument at the hearing on the defendant's motion to dismiss.

When a court reviews the claims of a pro se litigant, that court must not allow "technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed." Gordon v. Leeke, 574 F. 2d 1147, 1151 (4th Cir. 1978) (citing Canty v. Richmond, Va. Police Dep't, 383 F. Supp. 1396, 1399-1400 (E.D. Va. 1974)). See also, Garrett v. Elko, 120 F.3d 261 (4th Cir. 1997) (unpublished table decision) ("[I]n order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff."). Therefore, the court will consider the allegations made in the plaintiff's response to the defendant's motion to dismiss, as well as at the hearing on this matter, in determining the proper disposition of the defendant's motion.

3

In these more recently submitted materials and statements, the plaintiff alleges the following additional facts with regard to his claim of unlawful retaliation:

> Plaintiff went to the (Internal EEO Office) in June of 2005 and talks to Ms. Brew baker [sic] the (Internal EEO Person) about a Whoops Jug on the Defendant [sic] desk which was creating a hostile atmosphere. (Precisely, violate the policy no. 2.30 Workplace Harassment) . . . The atmosphere became even worsen [sic]; Plaintiff was harassed on a daily basic [sic] until terminated.

With regard to Brown's claims of wrongful discharge, the additional materials indicate that the plaintiff was ultimately terminated as a result of a Group II written notice issued on February 28, 2006. The reason given for this notice was that Brown had failed to follow an agreed upon written policy with regard to his attendance and approval of leave in that he failed to provide a doctor's note as required when he arrived at work late on February 13, 2006 and left early the same day claiming that he was sick. Brown had previously received a Group I written notice on June 6, 2005, a Group II written notice on June 21, 2005, and a Group I written notice on February 2, 2006. A VDOT employee may be dismissed upon the accumulation of two Group II notices. During oral argument, Brown did not appear to dispute that he had failed to provide a doctor's note with regard to his absence on February 13, 2006. Instead, he alleged that other employees, who were not African-American, were not required to follow the same procedures required of him for absences due to sickness.

A plaintiff complaining of employment discrimination under Title VII "need not allege specific facts establishing a prima facie case of discrimination." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 764 (4th Cir. 2003) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11 (2002)). That is, "a plaintiff is not charged with forecasting evidence sufficient to prove an element of her claim." 324 F.3d at 764-65. Nevertheless, "a plaintiff *is* required to allege

4

facts that support a claim for relief." Id. at 765 (emphasis in original).

Title VII provides that it is "an unlawful employment practice for an employer . . . to discharge . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Therefore, in order to prevail on a Title VII racial discrimination claim, an employee must prove that he was discriminated against because of his race and that, but for his race, he would not have been the victim of such discrimination. Wrightson v. Pizza Hut of Am., Inc., 99 F.3d 138, 142 (4th Cir. 1996). Specifically, with regard to a claim for termination based upon race, the plaintiff must allege that: (1) he is a member of a protected class; (2) that he suffered an adverse employment action; (3) at the time of his employer's adverse action, he was performing up to his employer's expectations; and (4) other similarly situated employees who are not members of the class did not suffer the same adverse action. See Brinkley v. Harbour Recreation Club, 180 F.3d 598, 607 (4th Cir. 1999).

In this case, the court finds that the plaintiff has adequately stated a claim for wrongful discharge under Title VII. After considering the plaintiff's complaint, his response to the motion to dismiss, and his statements at the hearing on the motion, the court finds that the plaintiff has alleged sufficient facts to survive a motion to dismiss on the termination claim. He has alleged that he is a member of a protected class, in that he is of African-American descent. The plaintiff has also alleged that he was terminated because of his race and that similarly situated employees of VDOT who were not African-American were not subjected to the same requirements regarding documentation of absences from work to which he was subject and which ultimately resulted in his termination. Although the court notes that the facts alleged by the plaintiff in

5

support of his claim are scant indeed, the court nevertheless finds that, taking those facts as true, the plaintiff has stated a claim for discriminatory discharge under Title VII. Therefore, the defendant's motion to dismiss the complaint with regard to this claim will be denied.

The court is compelled to reach the opposite conclusion, however, with regard to the plaintiff's claim of retaliation under Title VII. The Act provides that

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). Therefore, in order to prove a claim of retaliation, a plaintiff must successfully demonstrate that (1) he engaged in a protected activity; (2) his employer took an adverse employment action against him; and (3) there was a causal link between the two events. E.E.O.C. v. Navy Federal Credit Union, 424 F.3d 397, 405-06 (4th Cir. 2005).

In this case, the plaintiff has alleged that he was subjected to harassment in the workplace and, ultimately, termination because he had complained to the internal EEO office of VDOT regarding a "Whoops Jug" on the desk of his supervisor, Michael Russell, which he believed was creating a hostile environment. These facts alone, however, simply do not indicate the presence of an unlawful employment practice under Title VII. The plaintiff has failed to suggest precisely how the presence of a "Whoops Jug" could result in a hostile environment on the basis of race or any other protected class. In fact, the plaintiff has not indicated precisely what this item is, let alone why it would be racially offensive to a reasonable employee.[2]

---

[2] At the hearing before the state administrative law judge, Mr. Russell described the item as a small coin jar which was placed on his desk and which was labeled "Whoopass." See Transcript of June 13, 2006 Hearing at 52. This description fails to shed any additional light upon the plaintiff's allegations with regard to his claim of

6

It is true that Title VII protects opposition both to employment actions which are actually unlawful and those which a plaintiff reasonably believes to be unlawful. 424 F.3d at 406. In this case, however, the complaint and the plaintiff's supporting materials are devoid of any factual allegations which would support a conclusion that the plaintiff reasonably believed that the presence of the "Whoops Jug" on an employee's desk was unlawful under Title VII because, as previously stated, the plaintiff has not indicated precisely what about this item would be offensive to a reasonable employee. Therefore, the court finds that the plaintiff has failed to state a claim for retaliation under Title VII, and this claim will be dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss will be granted with regard to the plaintiff's Title VII retaliation claim and will be denied with regard to the plaintiff's claim for discriminatory discharge.

The Clerk of Court is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 22ᵈ day of May, 2008.

_____
United States District Judge

---

retaliation for reporting this item, however.

7